```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                                     Case No. 17-02674-RNO
Richard A. Miller                                                          Chapter 13
            Debtor                     CERTIFICATE OF NOTICE
District/off: 0314-1           User: karendavi               Page 1 of 2                   Date Rcvd: Dec 05, 2017
                               Form ID: pdf002               Total Noticed: 37

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 07, 2017.
db             +Richard A. Miller,    205 Alpat Drive,    Dillsburg, PA 17019-9503
cr             +S&T Bank,   Linda L. Wolfe,    355 North 5th Street,    Indiana, PA 15701-1940
4939112        +BBY/CBNA,    PO BOX 6497,   SIOUX FALLS, SD 57117-6497
4939113        +Bureau of Employer Tax Oper,    PO Box 68568,    Harrisburg, Pennsylvania 17106-8568
4939114        +CAPITAL ONE,    PO BOX 30281,    SALT LAKE CITY, UT 84130-0281
4956182         Capital One Bank (USA), N.A.,    PO Box 71083,    Charlotte, NC  28272-1083
4939116        +FIRST PREMIER,    3820 N LOUISE AVE,    SIOUX FALLS, SD 57107-0145
4939117        +FORD MOTOR CREDIT,    PO BOX 542000,    OMAHA, NE 68154-8000
4950494       ++FORD MOTOR CREDIT COMPANY,    P O BOX 62180,    COLORADO SPRINGS CO 80962-2180
                 (address filed with court: Ford Motor Credit Company LLC,    Dept. 55953,   PO Box 55000,
                 Detroit, MI 48255-0953)
4939120        +KUBOTA CREDIT,    1175 S GUILD AVE,    LODI, CA 95240-3154
4961422        +Kubota Credit Corporation,    PO Box 9013,   Addison, Texas 75001-9013
4939121        +Office of Attorney General,    Financial Enforcement Section, Strawberr,
                 Harrisburg, Pennsylvania 17120-0001
4939123        +S&T BANK,   800 PHILADELPHIA,    INDIANA, PA 15701-3908
4970222         S&T Bank,    c/o David W. Raphael, Esquire,    Grenen & Birsic, PC,
                 One Gateway Center, 9th Floor,    Pittsburgh, PA  15222
4970221        +S&T Bank,    355 North 5th Street,    Indiana, PA 15701-1940
4939126        +The Bureaus,    650 Dundee Road,    Suite 370,   Northbrook, IL 60062-2757
4939127        +The Granger Firm,    1800 East Lancaster Ave,    Paoli, PA 19301-1533
4939128        +The Granger Firm,    Blair H. Granger, Esquire,    1800 East Lancaster Ave,
                 Paoli, PA 19301-1533
4939129        +Tina M. Miller,    205 Alpat Drive,    Dillsburg, PA 17019-9503
4939130        +U.S. Department of Justice,    PO Box 227, Ben Frankling Station,
                 Washington, District of Columbia 20044-0327
4939131         United States Attorney,    PO Box 11754,    Harrisburg, Pennsylvania 17108-1754
4939133        +VERIZON,    NATIONAL RECOVERY OPERATIONS,    PO BOX 26055,    MINNEAPOLIS, MN 55426-0055

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
4939111        +E-mail/Text: bankruptcy@acacceptance.com Dec 05 2017 19:16:18     AMERI CREDIT ACCEPTANCE,
                 961 E MAIN ST,    2ND FLOOR,   SPARTANBURG, SC 29302-2185
4984260        +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Dec 05 2017 19:19:30
                 Bureaus Investment Group Portfolio No 15 LLC,    c/o PRA Receivables Management, LLC,
                 PO Box 41021,    Norfolk, VA 23541-1021
4939115        +E-mail/Text: bankruptcy.bnc@ditech.com Dec 05 2017 19:16:02     DITECH,    PO BOX 6172,
                 RAPID CITY, SD 57709-6172
4953164         E-mail/Text: bankruptcy.bnc@ditech.com Dec 05 2017 19:16:02
                 Ditech Financial LLC fka Green Tree Servicing LLC,    P.O. Box 6154,
                 Rapid City, South Dakota 57709-6154
4939119         E-mail/Text: cio.bncmail@irs.gov Dec 05 2017 19:15:50     Internal Revenue Service,
                 Centralized Insolvency Operations,    P.O. Box 21126,    Philadelphia, Pennsylvania 19114-0326
4984186        +E-mail/Text: bankruptcydpt@mcmcg.com Dec 05 2017 19:16:18     Midland Funding, LLC,
                 Midland Credit Mgmt, Inc. as agent for,    Midland Funding, LLC,    PO Box 2011,
                 Warren, MI 48090-2011
4939122         E-mail/Text: RVSVCBICNOTICE1@state.pa.us Dec 05 2017 19:16:10     PA Department of Revenue,
                 Department 280946, Attn: Bankruptcy Divi,    Harrisburg, Pennsylvania 17128-0946
4981574         E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Dec 05 2017 19:19:58
                 Portfolio Recovery Associates, LLC,    POB 12914,    Norfolk VA 23541
4940033        +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Dec 05 2017 19:19:59
                 PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
4960196         E-mail/Text: RVSVCBICNOTICE1@state.pa.us Dec 05 2017 19:16:10
                 Pennsylvania Department of Revenue,    Bankruptcy Division PO Box 280946,
                 Harrisburg, PA  17128-0946
4974129        +E-mail/Text: JCAP_BNC_Notices@jcap.com Dec 05 2017 19:16:27     Premier Bankcard, Llc,
                 Jefferson Capital Systems LLC Assignee,    Po Box 7999,    Saint Cloud Mn 56302-7999
4939124        +E-mail/PDF: gecsedi@recoverycorp.com Dec 05 2017 19:13:10     SYNCB/AMAZON,    PO BOX 965015,
                 ORLANDO, FL 32896-5015
4939125        +E-mail/PDF: gecsedi@recoverycorp.com Dec 05 2017 19:13:10     SYNCB/DKS,    PO BOX 965005,
                 ORLANDO, FL 32896-5005
4939132        +E-mail/Text: USTPRegion03.HA.ECF@USDOJ.GOV Dec 05 2017 19:16:19     United States Trustee,
                 228 Walnut Street, Room 1190,    Harrisburg, Pennsylvania 17101-1722
4961088         E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Dec 05 2017 19:19:58     Verizon,
                 by American InfoSource LP as agent,    PO Box 248838,    Oklahoma City, OK  73124-8838
                                                                                              TOTAL: 15

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*            +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
4939118*        Internal Revenue Service,    PO Box 7346,    Philadelphia, Pennsylvania 19101-7346
                                                                                     TOTALS: 0, * 2, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

***** BYPASSED RECIPIENTS (continued) *****

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

---

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 07, 2017                                        Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 5, 2017 at the address(es) listed below:

```
          Blair H Granger    on behalf of Creditor    Ditech Financial LLC blair.granger@thegrangerfirm.com
          Charles J DeHart, III (Trustee)   dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
          David William Raphael    on behalf of Creditor    S&T Bank draphael@grenenbirsic.com,
           mcupec@grenenbirsic.com
          James Warmbrodt    on behalf of Creditor    Ditech Financial LLC bkgroup@kmllawgroup.com
          Jim Peavler    on behalf of Creditor    PA Dept of Revenue RA-occbankruptcy1@state.pa.us,
           RA-occbankruptcy6@state.pa.us
          John Matthew Hyams    on behalf of Debtor 1 Richard A. Miller jmh@johnhyamslaw.com,
           mii@johnhyamslaw.com
          Joseph J. Swartz    on behalf of Creditor    PA Dept of Revenue RA-occbankruptcy2@state.pa.us,
           RA-occbankruptcy6@state.pa.us
          United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 8
```

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

Richard A. Miller

: CHAPTER 13
: CASE NO. 1 - 17 -bk- 02674
:
: CHAPTER 13 PLAN
:
: (Indicate if applicable)
: ___ # MOTIONS TO AVOID LIENS
: ___ # MOTIONS TO VALUE COLLATERAL
:
: [✓] ORIGINAL PLAN
: [ ] AMENDED PLAN
:      (Indicate 1ST, 2ND, 3RD, etc.)

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan

**PLAN PROVISIONS**

**DISCHARGE:** (Check one)

[✓] The debtor will seek a discharge of debts pursuant to Section 1328(a).

[ ] The debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS:** (Check if applicable)

[ ] This plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in Section 8 of this plan. Other than to insert text into the designated spaces or to expand the tables to include additional claims, the preprinted language of this form may not be altered. This does not mean that the Debtor is prohibited from proposing additional or different plan provisions in Section 8. The Debtor may propose additional or different plan provisions or specify that any of the provisions will not be applicable, provided however, that each such provision or deletion shall be set forth herein in Section 8.

1. **PLAN FUNDING AND LENGTH OF PLAN**

    A. <u>Plan Payments</u>

    1. To date, the Debtor(s) has paid $ <u>0.00</u> (enter $0 if no payments have been made to the Trustee to date). Debtor(s) shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor(s) shall make conduit payments through the Trustee as set forth below. The total base plan is $ <u>28,928.40</u>, plus other payments and property stated in Section 1B below:

    | Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment |
    |---|---|---|---|---|
    | 09/17 | 08/22 | 482.14 | 0.00 | 482.14 |

    Total Payments: $ 28,928.40

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and the attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding accordingly. Debtor(s) is responsible for all post-petition mortgage payments due prior to the initiation of conduit mortgage payments.

    3. Debtor(s) shall take appropriate action to ensure that all applicable wage attachments are adjusted to conform to the terms of the plan.

    4. CHECK ONE: ☑ Debtor(s) is at or under median income

    ☐ Debtor(s) is over median income. Debtor(s) calculates that a minimum of $ _____ must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

    B. <u>Liquidation of Assets</u>

    1. In addition to the above specified plan payments, Debtor(s) shall dedicate to the plan proceeds in the estimated amount of $ <u>Any Equity</u> from the sale of property known and designated as <u>205 Alpat Drive, Dillsburg, PA</u> _____. All sales shall be completed by

2

September          , 20 18   . If the property does not sell by the date specified, then the disposition of the property shall be as follows: Surrender

2.  Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: N/A

3.  The Debtor estimates that the liquidation value of this estate is $    0.00    . (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

**2. SECURED CLAIMS**

A.  <u>Pre-Confirmation Distributions</u>. Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Address | Account # | Estimated Monthly Payment |
|---|---|---|---|
| N/A | | | $ |
| | | | $ |

The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

Upon receipt, Debtor shall mail to the Trustee all notices from mortgagees including statements, payment coupons, impound and escrow notices, and notices concerning changes of the interest rate on variable interest rate loans. If any such notice informs the Debtor that the amount of the payment has increased or decreased, the change in the plan payment to the Trustee will not require modification of this plan.

B.  <u>Mortgages and Other Direct Payments by Debtor</u>. Payments will be made outside the plan according to the original contract terms, with no modification of contract terms, unless otherwise agreed to by the contracting parties, and with liens retained. All mortgage and other lien claim balances survive the plan if not avoided or paid in full under the plan.

3

Case 1:17-bk-02674-RNO    Doc 19    Filed 08/22/17    Entered 08/22/17 20:06:05    Desc
Main Document    Page 3 of 9
Case 1:17-bk-02674-RNO    Doc 45    Filed 12/07/17    Entered 12/08/17 00:52:51    Desc
Imaged Certificate of Notice    Page 5 of 11

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim |
|---|---|---|---|
| American Credit Acceptance | 2013 Lexus 200 | $ per k | $ Per POC |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |

    C.    <u>Arrears</u>.  The Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below.  If the Debtor or the Trustee objects to a proof of claim and the objection is sustained, or if the plan provides for payment of amounts greater than the allowed proof of claim, the creditor's claim will be paid in the amount allowed by the court.

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
|  |  | $ | $ | $ |
|  |  | $ | $ | $ |
|  |  | $ | $ | $ |
|  |  | $ | $ | $ |

    D.    <u>Secured Claims Paid According to Modified Terms</u>.  These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge.  The excess of the creditor's claim will be treated as an unsecured claim.  Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim.  THE LIENS WILL BE AVOIDED OR LIMITED THROUGH THE PLAN OR DEBTOR(S) WILL FILE AN ADVERSARY ACTION TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

4

Case 1:17-bk-02674-RNO    Doc 19    Filed 08/22/17    Entered 08/22/17 20:06:05    Desc
Main Document    Page 4 of 9
Case 1:17-bk-02674-RNO    Doc 45    Filed 12/07/17    Entered 12/08/17 00:52:51    Desc
Imaged Certificate of Notice    Page 6 of 11

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
| | | $ | % | $ | |
| | | $ | % | $ | |
| | | $ | % | $ | |

* **"PLAN" INDICATES THAT THE DEBTOR(S) PROPOSES TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN. OTHERWISE CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.**

E. <u>Other Secured Claims</u>. (Including conduit payments)

| Name of Creditor | Description of Collateral | Principal balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
| | | $ | % | $ |
| | | $ | % | $ |
| | | $ | % | $ |

F. <u>Surrender of Collateral</u>. Debtor(s) surrenders the following assets to secured creditors. Upon confirmation of the plan, bankruptcy stays are lifted as to the collateral to be surrendered. This provision does not prejudice a creditor's right to move to lift the stay prior to confirmation.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| | |
| | |
| | |

5

Case 1:17-bk-02674-RNO    Doc 19    Filed 08/22/17    Entered 08/22/17 20:06:05    Desc
Main Document    Page 5 of 9
Case 1:17-bk-02674-RNO    Doc 45    Filed 12/07/17    Entered 12/08/17 00:52:51    Desc
Imaged Certificate of Notice    Page 7 of 11

G. <u>Lien Avoidance</u>. The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to Section 522(f) (this section should not be used for statutory or consensual liens such as mortgages):

| Name of Creditor | Description of Collateral |
|---|---|
|  |  |
|  |  |
|  |  |

**THE DEBTOR(S) PROPOSES TO AVOID THE JUDICIAL LIEN OF THE CREDITOR(S) IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION AND ALLOWANCE OF EXEMPTIONS PURSUANT TO § 522(f). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE JUDICIAL LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR(S) WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR(S) MUST FILE A TIMELY OBJECTION TO THIS PLAN. OTHERWISE, CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.**

H. <u>Optional provisions regarding duties of certain mortgage holders and servicers</u>. Property of the estate vests upon closing of the case, and Debtor elects to include the following provisions. (Check if applicable)

 Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor to do the following:

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage. If the plan provides for an allowed payment of post-petition arrearages as set forth in Section 2C, apply those payments to only the post-petition arrearages.

(2) Deem the pre-petition arrearage as contractually current upon confirmation of the plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

(3) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note. Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

3. **PRIORITY CLAIMS**

   A. Allowed unsecured claims entitled to priority under section 1322(a) will be paid in full unless modified under Section 8:

| Name of Creditor | Estimated Total Payment |
|---|---|
| Internal Revenue Service | $ 25,000.00 |
|  | $ |
|  | $ |

B. <u>Administrative Claims</u>:

(1) Trustee fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

(2) Attorney fees. Check only one box:

✓ In addition to the retainer of $ 3,190.00 already paid by the Debtor, the amount of $ 1,810.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

☐ $_____ per hour, to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the requested amount of compensation approved by the Court pursuant to L.B.R. 2016-2(b).

(3) Other administrative claims.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  | $ |
|  | $ |
|  | $ |

4. **UNSECURED CLAIMS**

A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified</u>. Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
|  |  | $ | % | $ |
|  |  | $ | % | $ |

B. All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment | Assume/ Reject |
|---|---|---|---|---|---|---|
|  |  | $ | % $ | $ |  |  |
|  |  | $ | % $ | $ |  |  |

6. **REVESTING OF PROPERTY: (Check One)**

☐ Property of the estate will vest in the Debtor upon confirmation. (Not to be used with Section 2H)

☑ Property of the estate will vest in the Debtor upon closing of the case.

7. **STUDENT LOAN PROVISIONS**

(NOTE: If you are not seeking to discharge a student loan(s), do not complete this section.)

| Name of Creditor | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment |
|---|---|---|---|---|
|  | $ | % $ | $ |  |
|  | $ | % $ | $ |  |

8. **OTHER PLAN PROVISIONS**

A. Include the additional provisions below or on an attachment. **(NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

9. **ORDER OF DISTRIBUTION:**

Payments from the plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:    Adequate protection payments.
Level 2:    Debtor's attorney's fees.
Level 3:    Domestic Support Obligations.
Level 4:    Priority claims, pro rata.
Level 5:    Secured claims, pro rata.
Level 6:    Specially classified unsecured claims.
Level 7:    General unsecured claims.
Level 8:    Untimely filed unsecured claims to which the Debtor has not objected.

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

All pre-petition arrears and cramdowns shall be paid to the Trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor. Claims filed after the bar date that are not properly served on the Trustee will not be paid. The Debtor is responsible for reviewing claims and filing objections, if appropriate.

Dated: 08/22/2017                         /s/ John M. Hyams
                                           Attorney for Debtor

                                           /s/ Richard A. Miller
                                           Debtor

                                           _____
                                           Joint Debtor